# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**CLAYTON SMITH,**

        Petitioner,

v.                                                   Civil Action No. 2:06cv99
                                                    (Judge Maxwell)

**DOMINIC A. GUTIERREZ,**

        Respondent.

## ORDER FOR RESPONDENT TO PROVIDE
## ADDITIONAL INFORMATION

On October 16, 2006, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. In the petitioner, petitioner challenges the Bureau of Prisons' ("BOP") decision to place him in a halfway house for only the last 10% of his sentence. Upon an initial review of the petition, the undersigned determined that summary dismissal was not warranted at that time, and the respondent was directed to show cause why the writ should not be granted. The respondent filed a response on December 4, 2006. In the response, the respondent argues that the petition should be dismissed because petitioner failed to exhaust administrative remedies and because the petition was not ripe yet for adjudication because the BOP had not officially referred petitioner for Community Correctional Center ("CCC") placement. The respondent also argues that the petition should be denied on its merits. Petitioner filed a reply on December 20, 2006.

Prior to December 2002, the BOP had a policy of placing prisoners in a Community Corrections Center ("CCC") (now known as an RRC) for up to six months, regardless of the total length of the inmate's sentence. See BOP Program Statement 7310.04. However, on December 13, 2002, the Office of Legal Counsel for the Department of Justice issued a memorandum stating that this practice was inconsistent with 28 U.S.C. § 3624(c), which, in its opinion, limited an inmate's

placement in a CCC to the lessor of six months or ten percent of the inmate's sentence. Section 364(c) provides as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

The BOP adopted the Office of Legal Counsel's interpretation of the statute, and numerous habeas petitions challenging the December 2002 Policy were filed. The First and Eighth Circuits, as well as many district courts, found the policy contrary to the plain meaning of 18 U.S.C. § 3624(b).[1] In response to those decisions, the BOP created new regulations in 2005 governing the placement of inmates in CCCs. These regulations state that the BOP was engaging in a "categorical exercise of discretion" and choosing to "designate inmates to [CCC] confinement . . . during the last ten percent of the prison sentence being served not to exceed six months." 28 C.F.R. § 570.20-21. The new regulation expressly prohibits placement of prisoners in CCCs prior to the pre-release phase

---

[1] 18 U.S.C. § 3624(b) states:

> The Bureau shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence -
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

of imprisonment and provides:

> When will the **Bureau designate** inmates to **community** confinement?
>
> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the **last ten percent** of the **prison sentence** being **served**, not to exceed six months.
>
> (b) We may exceed the time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program . . . or shock incarceration program) . . .

28 C.F.R. § 570.21. (Emphasis added)

It is this regulation which prompts petitioner's habeas challenge in the instant case and the undersigned notes that at least four Courts of Appeals have found that the BOP regulation limiting a prisoner's placement in a CCC to the lessor of ten percent or six months of his sentence was an improper exercise of the BOP's rule making authority.[2] However, even if this Court were to agree with the four Courts of Appeals, this would mean only that Petitioner must be considered for CCC placement for the last six months of incarceration, not that this Court can order his placement. A careful reading of the three appellate decisions clearly establishes that the BOP regulations have been held invalid only to the extent that they limit a prisoner's placement in a CCC to the lessor of 10% of his sentence or six months, without consideration of the five factors set forth in 18 U.S.C. § 3624(b).

Because the petitioner is now within eleven months of his anticipated release date, the BOP has presumably made an official recommendation regarding petitioner's CCC placement, and Petitioner's claims would be ripe for review.[3] In addition, respondent's exhaustion arguments would

---

[2] The Fourth Circuit Court of Appeals has not yet ruled on the legality of 28 C.F.R. § 570.21. However, the Third, Eighth, and Second and Tenth Circuits have ruled the same improper. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Levine v. Apker, 455 F.2d 71 (2d Cir. 2006); Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007).

[3] In his response, the respondent notes that the petitioner's Unit Team would not begin the CCC referral and designation process until sometime between August 17, 2007 and October 17, 2007, because those dates will be eleven to thirteen months prior to his September 18, 2008, projected release date.

also be ripe for adjudication. However, if the court were to deny respondent's exhaustion argument, a determination on the merits would be appropriate. Nonetheless, a decision on the merits would require an examination into the circumstances surrounding the BOP's official referral. However, without a copy of the BOP's official referral, the undersigned would be unable, if necessary, to make a proper determination as to the merits of the case.

Accordingly, the respondent is directed to file a copy of the BOP's official referral form for petitioner's placement in a CCC and the reasons for the decision.[4] Additionally, respondent shall file the form within **twenty (20) days** from the date of this Order. Upon receipt of the form, and the reasons for the BOP's decision, the undersigned will take the petition under advisement.

IT IS SO ORDERED.

The Clerk is directed to provide a copy of this Order to the *pro se* petitioner and counsel of record.

DATED: October 17, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[4] It is unclear if Petitioner is permitted to possess a copy of the official referral form, but presumably, the Respondent possesses a copy of the official document.